**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Randy Lee BOND,
Defendant–Appellant.**

**No. 87–2303.**

United States Court of Appeals,
Seventh Circuit.

Submitted May 19, 1988.

Decided Sept. 28, 1988.

As Amended Oct. 5, 1988.

David M. Fahrenkamp, Edwardsville, Ill., for defendant-appellant.

Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before WOOD, Jr., and KANNE, Circuit Judges, and REYNOLDS, Senior District Judge.*

---

* The Honorable John W. Reynolds, Senior District Judge for the Eastern District of Wisconsin, is sitting by designation.

1. 18 U.S.C. § 922(d) provides in part:

   (d) It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person—
   (1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ...

REYNOLDS, Senior District Judge.

Defendant–Appellant Randy Lee Bond was convicted of one count of receiving firearms while under indictment for a felony. Bond appeals from this conviction arguing that he cannot be guilty of unlawful receipt of firearms while under indictment because he owned the firearms prior to being indicted. The parties agreed to waive oral argument and the appeal has been submitted on the briefs and record. We will affirm the defendant's conviction.

## I

In or about June, 1986, Bond pawned eight firearms, all of which had been transported in interstate commerce. On June 27, 1986, Bond was indicted by a United States grand jury on a charge of conspiracy to distribute marijuana. On August 15, 1986, Bond, while still under indictment on the conspiracy charge, redeemed the eight firearms from the pawn shop. At that time, Bond signed eight Department of Treasury Forms 4473 which denied that he was under indictment for any crime. A pawnbroker has these forms because a pawnbroker is prohibited from selling or disposing of firearms to one who is under a felony indictment.[1]

On May 1, 1987, a nine count indictment was filed against Bond. Count One charged Bond with receiving firearms while under indictment for a felony in violation of 18 U.S.C. §§ 922(h),[2] 924(a), and 3147. Counts Two through Nine charged Bond with making a false statement in order to obtain a firearm in violation of 18 U.S.C. § 922(a)(6). These counts refer to

2. Bond should have been indicted under 18 U.S.C. § 922(n), instead of § 922(h). On May 19, 1986, 18 U.S.C. § 922 was amended, and § 922(h)(1) is now found at § 922(n). 18 U.S.C. § 922(n) provides:

   (n) It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

the eight forms Bond signed to redeem the eight firearms. Following a jury trial, Bond was convicted on Count One and acquitted on the remaining eight counts.

## II

The issue presented to this court on appeal is whether defendant-appellant Bond can be convicted of receiving firearms while under indictment when he possessed and pawned the firearms prior to being indicted and redeemed the firearms from the pawnshop while under indictment. Bond argues that while the firearms were at the pawnshop, he retained constructive possession of the firearms and the redemption of the firearms merely changed his possession from constructive to actual. Bond concludes that he cannot receive what he already possesses and, thus, redemption of firearms is not covered by 18 U.S.C. § 922(n). The government states that the law is clear that it is illegal for a pawnbroker to dispose of firearms to a person under felony indictment through redemption or sale. The government argues that it must also be illegal for the defendant to redeem firearms from a pawnbroker. The government contends that any other interpretation would leave a gap in the law not intended by Congress.

In *Huddleston v. United States*, 415 U.S. 814, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974), the defendant was convicted under 18 U.S.C. § 922(a)(6), of falsely stating when redeeming a firearm from a pawnshop that he had not been convicted of a felony. The defendant argued that § 922(a)(6), only applied to sale transactions and not to redemptions. Like Bond, the defendant argued that he could not acquire what he already possessed and that he simply "repossessed" his property.

The Court in *Huddleston* rejected the defendant's argument and held that "acquisition", as used in § 922(a)(6), includes both sale and redemptive transactions. *Id.* at

820–23, 94 S.Ct. at 1266–68. The Court concluded that Congress meant to make it illegal for a pawnbroker to dispose of firearms through redemption or sale. If Congress did not mean to include redemptive transactions, then there would be no reason to single pawnbrokers out in the definition of dealer and pawn transactions would have been included in the statutory exemptions.[3]

*Huddleston* is controlling in the present case. Although the issue presented to this court is the statutory meaning of the word "receive," as opposed to the word "acquire," the analysis is the same. The provisions of § 922 make it clear that "the statute generally covers all transfers of firearms by dealers to recipients" unless specifically exempted. *Id.* at 823, 94 S.Ct. at 1268. Bond's argument that his redemption of the firearms merely changed his possession from constructive to actual is without merit. As the Court in *Huddleston* stated "[i]t was not unreasonable for Congress to view the pawn transaction as something more than the mere interruption in possession...." *Id.* at 822, 94 S.Ct. at 1268. Congress explicitly included pawnbrokers and pawn transactions in § 922, and failed to include redemptive transactions among the statutory exceptions, therefore; this court will not narrowly construe the word "receive," as used in § 922(n), as being limited to sale transactions and excluding redemptive transactions.

This holding is further supported by the Court's decision in *Barrett v. United States*, 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed. 2d 450 (1976). In *Barrett*, the defendant, a convicted felon, argued that § 922(h) did not prevent him from receiving firearms from a pawnbroker intrastate, even though § 922(d) prohibits a pawnbroker from disposing of firearms to a convicted felon intrastate. The Court rejected the defendant's argument and held that §§ 922(d) and (h) should be construed in a complementary

---

**3.** 18 U.S.C. § 921(a)(11) defines a dealer as: (A) any person engaged in the business of selling firearms at wholesale or retail, (B) any person engaged in the business of repairing firearms or of making or fitting special bar- rels, stocks, or trigger mechanisms to firearms, or (C) any person who is a pawnbroker. The term "licensed dealer" means any dealer who is licensed under the provisions of this chapter.

manner so as not to leave a gap in the statute. The Court recognized that the Gun Control Act seeks broadly to keep firearms away from persons whom Congress has classified as potentially dangerous and irresponsible. The Court reasoned that if a pawnbroker is prohibited from disposing of firearms intrastate, through redemption or otherwise, to persons classified as potentially dangerous and irresponsible, then it is likewise illegal for these persons to redeem firearms from a pawnbroker. *Id.* at 218, 96 S.Ct. at 502. Like *Barrett,* defendant Bond's construction of §§ 922(d) and (n) would leave a gap in the statute not intended by Congress. For the foregoing reasons, defendant-appellant Randy Lee Bond's conviction is affirmed.